1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                              * * *
6   DOUGLAS CODER & LINDA CODER          Case No. 3:19-cv-00520-MMD-CLB
    FAMILY LLLP,
7                                         ORDER
                        Plaintiff,
8        v.
9   RNO EXHIBITIONS, LLC, *et al.*,
10                      Defendants.
11

12  **I.    SUMMARY**

13          Plaintiff Douglas Coder and Linda Coder Family LLLP sued Defendants RNO

14  Exhibitions, LLC ("RNO") and Vincent L. Webb (RNO's alleged alter ego) after Plaintiff

15  lent some money to RNO, but RNO never repaid Plaintiff. (ECF No. 37 ("FAC").)[1] Before

16  the Court are Webb's motion to dismiss all of Plaintiff's claims against him (ECF No. 42),

17  and RNO's motion to dismiss all but one of Plaintiff's claims against it (ECF No. 43).[2] As

18  further explained below, the Court will grant in part, and deny in part, Defendants' motions

19  to dismiss. The Court finds Plaintiff sufficiently pleaded Webb is RNO's alter ego, and that

20  Plaintiff's breach of contract claims should procced against both Defendants. And while

21  the Court agrees with Defendants that Plaintiff's breach of the implied covenant of good

22

23          [1]Defendants moved to dismiss and for a more definite statement as to Plaintiff's
    initial complaint. (ECF Nos. 10, 11.) After those motions were fully briefed, Plaintiff filed a
24  motion for leave to file an amended complaint. (ECF No. 29.) Then, after a hearing before
    U.S. Magistrate Judge Carla L. Baldwin (ECF No. 32), the parties conferred and stipulated
25  to both allow Plaintiff to file an amended complaint, and Defendants to withdraw their
    motions (ECF No. 35). The Court granted the parties' stipulation. (ECF No. 36.) Plaintiff
26  subsequently filed the FAC (ECF No. 37), which is now the operative complaint in this
    case.
27
            [2]Plaintiff filed responses (ECF Nos. 46, 47), and Defendants filed replies (ECF
28  Nos. 52, 53). The parties subsequently stipulated to stay this case pending the Court's
    resolution of these motions to dismiss (ECF No. 54), and the Court granted their
    stipulation (ECF No. 55).

1  faith and fair dealing and unjust enrichment claims should be dismissed, the Court also

2  finds Plaintiff's remaining claims should proceed.

3  **II.    BACKGROUND**

4         The following allegations are adapted from the FAC. Defendant Webb sent Plaintiff

5  a business plan for RNO in 2014 representing RNO would be significantly profitable in

6  2015. (ECF No. 37 at 2-3.) Without correcting this rosy projection, Webb contacted

7  Plaintiff again in 2015, seeking a "short term bridge loan that was 80% funded and Over

8  Secured." (*Id.* at 3 (internal quotation marks omitted).) Based on Webb's representations,

9  Plaintiff entered into an "agreement entitled a 'Term Sheet,' which consisted of two parts:

10  a 2 Year Promissory Note, and a Buy/Sell Agreement" (collectively, the "Agreement").

11  (*Id.*; *see also* ECF No. 37-1 (Agreement).) Webb signed the Agreement on RNO's behalf,

12  and held himself out to both be an executive of RNO, and Plaintiff's contact for any

13  questions. (ECF No. 37 at 3.)

14         RNO was supposed to repay Plaintiff the money Plaintiff lent RNO under the

15  Agreement, but RNO did not repay all of the money in the timeframe specified in the

16  Agreement. (*Id.* at 4.) RNO's financial situation was much worse than Webb had

17  represented to Plaintiff. (*Id.*) If Plaintiff had known RNO's true financial situation, it would

18  not have entered into the Agreement. (*Id.*) In filing this suit, Plaintiff wants its money back

19  from RNO and Webb, plus interest, and attorneys' fees and costs. (*Id.* at 5-6.)

20         Plaintiff asserts six claims against Defendants: (1) breach of contract; (2) breach

21  of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) accounting; (5)

22  intentional misrepresentation; and (6) alter ego—alleging that Webb is essentially

23  inseparable from RNO, so should be held equally as liable. (*Id.* at 6-12.)

24  **III.    LEGAL STANDARD**

25         A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

26  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

27  "a short and plain statement of the claim showing that the pleader is entitled to relief."

28  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

1    Rule 8 does not require detailed factual allegations, it demands more than "labels and

2    conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

3    *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations

4    must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

5    survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

6    claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

7    U.S. at 570).

8           In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

9    apply when considering motions to dismiss. First, a district court must accept as true all

10   well-pleaded factual allegations in the complaint; however, legal conclusions are not

11   entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause

12   of action, supported only by conclusory statements, do not suffice. *See id.* Second, a

13   district court must consider whether the factual allegations in the complaint allege a

14   plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's

15   complaint alleges facts that allow a court to draw a reasonable inference that the

16   defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does

17   not permit the Court to infer more than the mere possibility of misconduct, the complaint

18   has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679

19   (alteration in original) (internal quotation marks and citation omitted). That is insufficient.

20   When the claims in a complaint have not crossed the line from conceivable to plausible,

21   the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

22   **IV.    DISCUSSION**

23          Defendant Webb moves to dismiss all six of the claims Plaintiff asserts against

24   him, and Defendant RNO moves to dismiss five of the six claims Plaintiff asserts against

25   it. (ECF Nos. 42, 43.) The Court thus addresses Defendants' motions as to each of

26   Plaintiff's six asserted claims below. The Court then addresses whether it will grant

27   Plaintiff leave to amend the claims it agrees with Defendants should be dismissed.

28   ///

## A.     Breach of Contract and Alter Ego

While Webb seeks to dismiss this claim, RNO does not. (ECF Nos. 42 at 2-3, 43.) Webb argues this claim should be dismissed because Plaintiff failed to identify a contract Webb (as opposed to RNO) entered into, or actions he took to breach that contract beyond otherwise alleging RNO is an alter ego of Webb. (ECF No. 42 at 2-3.) Plaintiff responds it "plausibly alleged claims against Webb as an alter ego of RNO[.]" (ECF No. 47 at 3.) Webb replies that Plaintiff's breach of contract claim against Webb must fail because Plaintiff's alter ego theory also fails. (ECF No. 53 at 2.) The Court thus addresses the parties' arguments regarding breach of contract and alter ego together—especially considering that Plaintiff relies on its alter ego theory to bring its other claims against Webb as well.

Under Nevada law, "[a] person acts as the alter ego of a corporation only if: (a) [t]he corporation is influenced and governed by the person; (b) [t]here is such unity of interest and ownership that the corporation and the person are inseparable from each other; and (c) [a]dherence to the notion of the corporation being an entity separate from the person would sanction fraud or promote a manifest injustice." NRS § 78.747. Whether a person acted as the alter ego of a corporation is a question of law. *See id.* Further, "the alter ego doctrine applies to LLCs."[3] *Gardner on Behalf of L.G. v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 405 P.3d 651, 655 (Nev. 2017). And "[a]lthough 'there is no litmus test for determining when the corporate fiction should be disregarded,' factors indicating the existence of an alter ego include: '(1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities.'" *Beta Soft Sys., Inc. v. Yosemite Grp., LLC*, Case No. 2:16-cv-01748-GMN-VCF, 2017 WL 3707393, at *3 (D. Nev. Aug. 25, 2017) (citation omitted).

///

---

[3]RNO is an LLC. (ECF No. 43 at 1.)

1    The Court agrees with Plaintiff it has sufficiently alleged Webb is RNO's alter ego.

2    (ECF No. 47 at 3.) Plaintiff alleges Webb "controls and manages the business and

3    operations of RNO in a manner such that it is indistinguishable from himself[.]" (ECF No.

4    37 at 2; *see also id.* at 10.) In addition, and contrary to Webb's argument (ECF No. 42 at

5    7-8), Plaintiff goes on to offer supporting factual allegations. Plaintiff alleges Webb sent

6    Plaintiff several emails to convince Plaintiff to enter into the Agreement. (ECF No. 37 at

7    2-3.) Plaintiff further alleges Webb signed the Agreement on RNO's behalf, held himself

8    out as the sole contact for any questions, and referred to himself as holding various

9    executive positions at RNO such that Webb is "inseparable" from RNO. (*Id.* at 3.) Webb

10   also made several allegedly false representations to Plaintiff. (*Id.* at 2-4, 8-10.) In pertinent

11   part, Plaintiff also alleges RNO was undercapitalized, despite Webb's representations

12   that RNO "anticipated a profit of $6,616,133 in 2015 and that the loan [Webb sought from

13   Plaintiff on RNO's behalf] was 'Over Secured[.]'" (*Id.* at 4.) Based on these allegations,

14   the Court finds Plaintiff has plausibly alleged undercapitalization and treatment of

15   corporate assets as the individual's own sufficient to withstand Webb's motion to dismiss.[4]

16   *See Beta Soft*, 2017 WL 3707393, at *3 (denying motion to dismiss alter ego theory where

17   the plaintiff alleged the defendants were undercapitalized and treated corporate assets

18   as their own).

19       Moving on to Plaintiff's breach of contract claim, the Court similarly finds Plaintiff's

20   allegations are sufficient to withstand Webb's motion to dismiss. Plaintiff must show: (1)

21   the existence of a valid contract; (2) a breach by the defendant; and (3) damage because

22   of the breach. *See Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919-20 (D. Nev. 2006)

23

24       [4]Webb relies on *Paul Steelman, Ltd. v. Omni Realty Partners*, 885 P.2d 549 (Nev.
     1994) in arguing the Court should dismiss Webb because he is not RNO's alter ego. (ECF
25   No. 43 at 8 n.29, n.30.) But *Steelman* is distinguishable from this case, especially at the
     motion to dismiss stage. *Steelman* affirms a decision reached after a bench trial, *see* 885
26   P.2d at 550, where the "facts of record indicate that [one defendant] was adequately
     capitalized, and that the manner in which [another defendant] was capitalized is not
27   uncommon for corporations of its type." *Id.* In denying Webb's motion to dismiss, the Court
     is not finally determining RNO is Webb's alter ego. The Court merely finds Plaintiff's
28   allegations sufficient. Moreover, in contrast to *Steelman*, where the defendants were
     adequately capitalized, Plaintiff alleges RNO was undercapitalized. (ECF No. 37 at 4.)

1  (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)). Plaintiff defines Webb as part

2  of RNO Exhibitions (ECF No. 37 at 2), explains that Webb signed the Agreement on

3  RNO's behalf (*id.* at 3), explains how both Webb and RNO allegedly failed to satisfy their

4  obligations under the Agreement by failing to repay the loan (*id.* at 3-6), and states that

5  Plaintiff was damaged by their failure to repay the loan (*id.* at 6). These allegations suffice.

6  *See Beta Soft*, 2017 WL 3707393, at *3 (finding the plaintiff sufficiently stated a breach

7  of contract claim).

8      That said, Webb's only argument as to why this claim should be dismissed is that

9  Plaintiff does not identify a contract that he breached. (ECF No. 43 at 2-3.) To reiterate,

10  Plaintiff responds Webb breached the Agreement because RNO is his alter ego. (ECF

11  No. 47 at 3.) Because the Court has already found Plaintiff's alter ego allegations are

12  sufficient, the Court accordingly rejects Webb's argument Plaintiff does not identify a

13  contract Webb breached. *See Beta Soft*, 2017 WL 3707393, at *3 (rejecting nonparty

14  argument as to breach of contract claim because that court had already rejected the

15  defendant's challenge to the plaintiff's alter ego theory). In sum, the Court denies Webb's

16  motion to dismiss Plaintiff's breach of contract claim against Webb, leaving Plaintiff's

17  breach of contract claim (ECF No. 37 at 6) standing against both Webb and RNO.

18      **B.    Breach of the Covenant of Good Faith and Fair Dealing**

19      Defendants argue the Court should dismiss this claim because Plaintiff bases its

20  allegations on a breach of the Agreement, which is incongruent with a claim for breach of

21  the covenant of good faith and fair dealing—requiring literal compliance with a contract

22  that conflicts with the spirit of that contract. (ECF No. 42 at 3-4, 43 at 2-3.) Plaintiff

23  counters it has properly alleged a claim for breach of the covenant of good faith and fair

24  dealing implied by the Agreement because such a claim may be alleged in the alternative.

25  (ECF Nos. 46 at 2-3, 47 at 1-2 (incorporating arguments made in response to RNO's

26  motion to dismiss).) While the Court agrees with Plaintiff to a point, the Court finds

27  Defendants' argument more persuasive because the gist of Plaintiff's FAC is for breach

28  of contract.

1       To establish a claim for contractual breach of the implied covenant of good faith and fair dealing, a plaintiff must allege both the existence of a valid contract and a breach of the implied duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the contract. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995); *see also Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923-24 (Nev. 1991). A plaintiff must also establish that the defendant intentionally breached the intention and spirit of the agreement. *See Morris v. Bank of America*, 886 P.2d 454, 457 (Nev. 1994) (citing *Hilton Hotels*, 808 P.2d at 922-23).

       Plaintiff relies on two cases to support its argument it has adequately pleaded its breach of the implied covenant claim. (ECF No. 46 at 3 (first citing *Hilton Hotels*, 808 P.2d at 923, then citing *Ruggieri v. Hartford Ins. Co. of the Midwest*, Case No. 2:13-cv-00071-GMN, 2013 WL 2896967, at *3 (D. Nev. June 12, 2013)).) While both stand for the general proposition that breach of the covenant of good faith and fair dealing may be pleaded in the alternative to breach of contract, neither sufficiently supports Plaintiff's position here. Plaintiff alleges, "RNO Exhibitions has acted unfaithfully to the purpose of the 2 Year Promissory Note by failing to comply with the terms and obligations thereunder." (ECF No. 37 at 7.) That is an allegation of breach, not literal compliance unfaithful to the spirit of the contract. As Judge Navarro stated in *Ruggieri*, in dismissing a breach of the implied covenant claim, "allegations that a defendant violated the actual terms of a contract are incongruent with this cause of action and insufficient to maintain a claim." 2013 WL 2896967, at *3. In addition, and in contrast to Plaintiff's allegations in the FAC (ECF No. 37 at 7), *Hilton Hotels* is a case where the defendants literally complied with the terms of the operative contract, but not with its spirit—in pressuring a prizefighter to forfeit his championship title. *See* 808 P.2d at 922-23. Thus, *Hilton Hotels* does not support Plaintiff's position. In sum, the Court will grant Defendants' motions to dismiss Plaintiff's breach of the implied covenant claim (ECF No. 37 at 6-7) as to both RNO and Webb.

///

///

7

### C.    Unjust Enrichment

Defendants next argue Plaintiff's unjust enrichment claim is unavailable when, as here, Plaintiff's claim is for breach of an express, written contract. (ECF Nos. 42 at 4, 43 at 3.) Plaintiff counters it has sufficiently alleged its unjust enrichment claim, which may be alleged in the alternative to a breach of contract claim. (ECF Nos. 46 at 3-4, 47 at 1-2 (incorporating arguments made in response to RNO's motion to dismiss).) Similar to the Court's ruling on Plaintiff's breach of the implied covenant claim, while the Court again agrees with Plaintiff to a point, it finds Defendants' arguments more persuasive.

"The phrase 'unjust enrichment' is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). "Unjust enrichment occurs when ever [sic] a person has and retains a benefit which in equity and good conscience belongs to another." *Id.* (quotations and citation omitted).

However, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.* (affirming dismissal of unjust enrichment claims as to parties to written contracts, but reversing as to parties who had not entered into written contracts). That is the case here, where the Court has ruled Plaintiff may proceed on its breach of contract claims (*see supra* Section IV.A), and the gist of its FAC is for breach of contract (ECF No. 37 at 3-6). The cases Plaintiff relies on do not compel a different result. (ECF No. 46 at 4 (first citing *Asphalt Products v. All Star Ready Mix*, 898 P.2d 699 (Nev. 1995) (stating the elements of an unjust enrichment claim, and affirming the lower court's finding that the defendant was unjustly enriched in keeping and using a tractor it did not, and could not, pay for, but reversing the lower court's calculation of the reasonable rental rate of the tractor), then citing *Szymborski v. Spring Mountain Treatment Ctr.*, 403 P.3d 1280, 1285 (Nev. 2017) (noting the general permissibility of

8

1    alternative pleading, in passing, in sorting through which of the plaintiff's claims were for

2    medical malpractice, and which were for ordinary negligence)).) The Court will therefore

3    grant Defendants' motions to dismiss Plaintiff's unjust enrichment claim (ECF No. 37 at

4    7) as to both RNO and Webb.

5            **D.    Accounting**

6            Defendants argue the Court should dismiss Plaintiff's claim for an accounting

7    because Plaintiff "does not allege any special relationship between it and RNO that would

8    give rise to an accounting." (ECF Nos. 42 at 4-5, 43 at 3-4.) Plaintiff responds in pertinent

9    part that it "enjoys a right to accounting from RNO Exhibitions because without an

10   accounting, there is no way of knowing the value of its alleged 2.8% ownership interest

11   in RNO Exhibitions." (ECF Nos. 46 at 6, 47 at 1-2 (incorporating arguments made in

12   response to RNO's motion to dismiss).) The Court agrees with Plaintiff on this particular

13   point.

14           Plaintiff alleges Defendants agreed to give Plaintiff a 2.8% ownership interest in

15   RNO, but never did. (ECF No. 37 at 5.) Without an accounting, Plaintiff would be unable

16   to determine the value of this ownership interest, if any. Here, all parties rely on *Mobius*

17   *Connections Grp., Inc. v. TechSkills, LLC*, Case No. 2:10-cv-01678-GMN, 2012 WL

18   194434 (D. Nev. Jan. 23, 2012). (ECF Nos. 42 at 4 n.9, 43 at 3 n.6, 46 at 5-6.) The Court

19   both finds *Mobius Connections* instructive, and that it favors Plaintiff's position. In *Mobius*

20   *Connections*, Judge Navarro granted a party's motion for summary judgment seeking an

21   accounting because the applicable agreement entitled that party to a percentage of the

22   other party's revenue. *See* 2012 WL 194434, at *8-*9. In so holding, Judge Navarro

23   applied the commonsense principle that "without an accounting, there may be no way by

24   which such a party entitled to a share in profits could determine whether there were any

25   profits[.]" *Id.* at *8. That same principle applies here. If the Court rules at this stage Plaintiff

26   may not obtain an accounting, Plaintiff would never be able to determine the value of its

27   promised ownership stake in RNO. That would be inequitable, or at least premature. The

28

1    Court denies Defendants' motions to dismiss Plaintiff's claim for an accounting (ECF No.

2    37 at 8).

3         **E.    Intentional Misrepresentation**

4         Defendants further argue the Court should dismiss Plaintiff's intentional

5    misrepresentation claim because they had no duty to disclose, and there can be no

6    justifiable reliance on Plaintiff's part.[5] (ECF Nos. 42 at 5-6, 43 at 4-5.) Plaintiff counters it

7    sufficiently pleaded its intentional misrepresentation claim, as Defendants had a good

8    faith duty to disclose because they had access to information Plaintiff did not have access

9    to, and Plaintiff alleges it relied on Defendants intentional, material omissions in entering

10   into the Agreement. (ECF Nos. 46 at 6-8, 47 at 3-5.) The Court agrees with Plaintiff.

11        Under Nevada law, intentional misrepresentation requires: "[a] false representation

12   made by the defendant, knowledge or belief on the part of the defendant that the

13   representation is false—or, that he has not a sufficient basis of information to make it, an

14   intention to induce the plaintiff to act or to refrain from acting in reliance upon the

15   misrepresentation, justifiable reliance upon the representation on the part of the plaintiff

16   in taking action or refraining from it, and damage to the plaintiff, resulting from such

17   reliance[.]" *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975).

18        To start, Plaintiff has sufficiently pleaded the elements of intentional

19   misrepresentation. (ECF Nos. 46 at 6-7 (citing FAC at 8-10).) Defendants otherwise make

20   two arguments as to this claim, though the Court finds neither argument persuasive.

21   Defendants first argue Plaintiff cannot establish justifiable reliance in this case, but then

22   point to a set of facts not included in the FAC, and not supported by any evidence. (ECF

23   Nos. 42 at 6, 43 at 4.) The Court also notes Defendants did not alternatively style their

24   motions to dismiss as motions for summary judgment. Generally, a court may not

25   consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss.

26

27        [5]Defendants also argue Plaintiff's intentional misrepresentation claim is precluded
     by the economic loss doctrine (ECF Nos. 42 at 6-7, 43 at 5-6), but "the economic loss
28   doctrine does not preclude litigants from asserting claims of intentional
     misrepresentation." *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1154 n.2 (Nev.
     2013), *as corrected* (Aug. 14, 2013).

1 *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There are three

2 exceptions to this rule,[6] but Defendants do not argue any of these three exceptions apply,

3 nor do they appear to apply. The Court therefore may not consider Defendants' proffered

4 facts purportedly evidencing Plaintiff's lack of justifiable reliance in this case. Without

5 those facts, Defendants' lack of justifiable reliance argument is unpersuasive, especially

6 considering Plaintiff alleges, "Plaintiff relied to its detriment upon the representations and

7 the material omissions of Webb and RNO Exhibitions, and was induced to make the loans

8 to RNO Exhibitions as a result." (ECF No. 37 at 9.) The Court rejects Defendants' lack of

9 justifiable reliance argument.

10        Defendants also argue they had no good-faith duty to disclose their true financial

11 condition as they were encouraging Plaintiff to enter into the Agreement. (ECF Nos. 42

12 at 5, 43 at 4.) Plaintiff counters Defendants had a good-faith duty both because they

13 possessed information material to the proposed transaction that Plaintiff did not, and

14 because Defendants were proposing conveying an ownership interest in RNO to Plaintiff.

15 (ECF No. 46 at 7.) Defendants do not reply to these arguments. (ECF Nos. 52 at 4-5, 53

16 at 2.)

17        The Court finds Plaintiff's arguments more persuasive. Indeed, Defendants even

18 go so far as to argue, "[n]o such pre-contract duty of good faith is pleaded or exists." (ECF

19 Nos. 42 at 5, 43 at 4.) This sentence is inaccurate because Plaintiff pleads, "Webb and

20 RNO were bound in good faith to disclose" the true information about RNO's financial

21 position they allegedly did not disclose. (ECF No. 37 at 8.) And Defendants do not provide

22 any caselaw to support their proposition that no pre-contract duty of good faith existed

23 here. In addition, and as noted, Defendants drop this argument from their reply. (ECF

24 Nos. 52 at 4-5, 53 at 2.) Suffice to say, this argument is unpersuasive. In contrast,

25

26        [6](1) A court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested'
27 and 'the plaintiff's complaint necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.
28 1998); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

1   Plaintiff's argument that Defendants had a good-faith duty to disclose both because
2   Defendants were proposing conveying an ownership interest to Plaintiff—and Defendants
3   possessed material information about RNO's financial condition that Plaintiff did not—is
4   supported by applicable law. (ECF No. 46 at 7 (first citing *Villalon v. Bowen*, 273 P.2d
5   409, 415 (Nev. 1954), then citing *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553
6   (Nev. 1993)).) In sum, the Court denies Defendants' motions to dismiss Plaintiff's
7   intentional misrepresentation claim (ECF No. 37 at 8-10).

8     **F.**  **Leave to Amend**

9      Plaintiff requests leave to amend if the Court dismisses any of Plaintiff's claims.
10   (ECF Nos. 46 at 9-10, 47 at 1-2 (incorporating arguments made in response to RNO's
11   motion to dismiss).) The Court has determined it will dismiss Plaintiff's claims for breach
12   of the implied covenant of good faith and fair dealing, and unjust enrichment, as to both
13   Defendants. (*See supra* Sections. IV.B. & C.) Defendants argue in pertinent part the Court
14   should not grant Plaintiff leave to amend these two claims because Plaintiff has already
15   amended once, Plaintiff has not proposed how it could amend these claims, amendment
16   would otherwise be futile, and nearly a year has elapsed since Defendants filed their
17   motions to dismiss Plaintiff's initial complaint, so Defendants would be unduly prejudiced
18   by the delay that would result were the Court to allow Plaintiff to amend a third time. (ECF
19   Nos. 52 at 6-7, 53 at 2-3.) The Court agrees with Defendants on this point.

20      The Court has discretion to grant leave to amend and should freely do so "when
21   justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d
22   367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause:
23   (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad
24   faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would
25   be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).
26   Facts raised for the first time in a plaintiff's opposition papers should be considered by
27   the Court in determining whether to grant leave to amend or to dismiss the complaint with

28

1    or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133,

2    1137-38 (9th Cir. 2001).

3            Justice does not require granting Plaintiff leave to amend its claims for breach of

4    the implied covenant of good faith and fair dealing and unjust enrichment. This case has

5    been in the motion to dismiss stage for nearly a year, and Plaintiff has already amended

6    its complaint. (ECF Nos. 10 (moving to dismiss initial complaint on October 9, 2019), 37

7    (FAC).) Moreover, Plaintiff does not point to any additional factual allegations it could

8    plead to save these two claims, and the Court is not aware of any. And as explained

9    *supra*, the Court is allowing Plaintiff's breach of contract claim to proceed, so these

10   alternatively-pleaded claims are both unnecessary, and conflict with the remaining breach

11   of contract claim. Thus, amendment of these two claims appears futile. *See Cross v.*

12   *Anthony & Sylvan Pools Corp.*, Case No. 2:20-cv-454-JCM-EJY, 2020 WL 4078191, at

13   \*2, \*4 (D. Nev. July 20, 2020) (dismissing these same two claims, the unjust enrichment

14   claim with prejudice, because a contract determined the parties' relationship); *see also*

15   *Hill v. Wells Fargo Bank, N.A.*, Case No. 2:18-cv-01350-MMD-BNW, 2019 WL 5395439,

16   at \*6 (D. Nev. Oct. 21, 2019) (dismissing breach of the implied covenant claim with

17   prejudice where the plaintiff had already amended and amendment would be futile)

18   (currently on appeal).

19           In sum, the Court dismisses Plaintiff's claims for breach of the implied covenant of

20   good faith and fair dealing, and unjust enrichment, as to both Defendants, with prejudice.

21   Defendants' motions to dismiss are otherwise denied.

22   **V.    CONCLUSION**

23           The Court notes that the parties made several arguments and cited to several

24   cases not discussed above. The Court has reviewed these arguments and cases and

25   determines that they do not warrant discussion as they do not affect the outcome of the

26   motions before the Court.

27           It is therefore ordered that Defendant Webb's motion to dismiss (ECF No. 42) is

28   granted in part, and denied in part, as specified herein.

It is further ordered that Defendant RNO's motion to dismiss (ECF No. 43) is granted in part, and denied in part, as specified herein.

It is further ordered the stay of this case is lifted.

It is further ordered the parties must meet and confer after Defendants file their answers, and then file a new proposed scheduling order within ten days after Defendants file their answers.

DATED THIS 9th Day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE