KAEMPFER CROWELL
Alex J. Flangas, No. 664
Sihomara L. Graves, No. 13239
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
Email: aflangas@kcnvlaw.com
Email: sgraves@kcnvlaw.com

*Attorneys for Plaintiffs Douglas Coder and Linda Coder Family LLLP and Third-Party Defendants Scott Coder and Coder Consulting Team, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS CODER & LINDA CODER FAMILY LLLP,<br><br>Plaintiff,<br><br>vs.<br><br>RNO EXHIBITIONS, LLC, a Nevada limited liability company; and VINCENT WEBB, an individual,<br><br>Defendants. | Case No. 3:19-cv-00520-RCJ-CLB<br><br>**PLAINTIFF DOUGLAS CODER & LINDA CODER FAMILY LLLP'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO FED. R. CIV. P. 54(d) AND MOTION TO AMEND JUDGMENT TO INCLUDE FINDINGS RELATED TO ATTORNEYS' FEES AWARD** |
| RNO EXHIBITIONS LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>SCOTT CODER, and CODER CONSULTING TEAM, LLC<br><br>Third-Party Defendants. | |

While the Court has already awarded plaintiff Douglas Coder & Linda Coder Family LLLP ("Coder Family") its attorneys fees in conjunction with this matter, Coder Family submits the instant motion for attorneys' fees and costs only to ensure compliance with Fed. R. Civ. P. 54(d).  In addition, Coder Family seeks to amend the amount of fees awarded, by slightly *decreasing* the fees due to a calculation error.  Coder Family similarly seeks to amend the Court's judgment in this matter, under Fed. R. Civ. P. 52(b), for the Court to make a finding of reasonableness of attorneys fees as required by Fed. R. Civ. P. 54(d)(2)(D).  These motions are intended to ensure complete compliance with the Federal Rules and to ensure a complete record.

        KAEMPFER CROWELL

        */s/ Sihomara L. Graves*
        Alex J. Flangas, No. 664
        Sihomara L. Graves, No. 13239
        50 West Liberty Street, Suite 700
        Reno, Nevada 89501

        *Attorneys for Plaintiff Douglas Coder and Linda Coder Family LLLP*

**POINTS AND AUTHORITIES**

**I.**    **INTRODUCTION**

On February 7, 2023, the Court entered judgment in this case in plaintiff's favor and against defendants RNO Exhibitions, LLC ("RNO") and Vincent Webb (ECF No. 118).  On February 16, 2023, the Court amended that judgment (ECF No. 124) and entered its detailed Findings of Fact and Conclusions of Law (ECF No. 123).  Coder Family is NOT filing this motion to request additional

attorneys' fees; instead, Coder Family seeks a slight reduction in the fees due to a slight calculation error. But more importantly, this Motion is being filed to ensure compliance with the mandatory language contained in Fed. R. Civ. P. 54(d)(2) that indicates that "a claim for attorney's fees and related nontaxable expenses *must be made by motion* unless substantive law requires those fees to be proved at trial as an element of damages." (Emphasis added.) Though the Court previously awarded plaintiff attorneys' fees and notified plaintiffs counsel to file a "declaration" of counsel to support the award, and even though the Court appears to have based its award substantially on the statements made in the Declaration of Alex Flangas that was filed in support of the award of attorneys' fees, the mandatory language of Fed. R. Civ. P. 54(d)(2) would appear to require the filing of this motion to ensure an adequate record for purposes of any potential appeal[1].

Additionally, the filing of the Motion for Attorney's Fees under Rule 54(d) will allow defendants, should they decide to make a request, the opportunity to present adversary submissions on the amount of fees sought by plaintiffs' counsel.

Finally, because Fed. R. Civ. P. 54(d)(2)(C) again uses mandatory language directing that the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," plaintiffs seek to amend the Amended Judgment and Findings of Fact and Conclusions of Law entered February 16, 2023, to add certain specific findings related to the award of attorneys' fees in the Amended Judgment

---

[1] Should this matter be appealed, Coder Family would be entitled to collect attorneys' fees incurred as a result of the appeal. *See Musso v. Binick*, 104 Nev. 613, 615, 764 P.2d 477, 477 (1988) (Concluding that on appeal, "respondents are entitled to an award of attorney's fees pursuant to the contractual agreement of the parties.")

in order to demonstrate compliance with lodestar, the factors outlined in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), and Local Rules. Those factors are outlined below.

In conclusion, Coder Family is requesting that this Court consider the motions, allow for any request to be made by defendants for adversary submissions on the motion, and then enter a final, Second Amended Judgment and Amended Findings of Fact and Conclusions of Law that incorporate findings on the necessary factors in support of the award of the attorneys' fees to Coder Family. Notably, Coder Family is asking to *reduce* the amount of fees sought as explained in the declaration of Sihomara L. Graves, and plaintiff continues to rely upon the previously filed Declaration of Alex Flangas in Support of the award of attorneys' fees. *See* Exhibit 1, Flangas Decl.; Exhibit 2, Graves Decl.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 54(d) *requires* that a claim for attorneys' fees be made by motion and that the opposing party be given an opportunity for an "adversary submission." It further requires the Court to make findings of fact and conclusions of law with regard to the award of fees. Fed. R. Civ. P. 54(d)(2)(D). Federal courts sitting in diversity apply state law to determine whether an award of attorney fees is allowed. *See Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 847 (9th Cir. 2009).

> Federal courts sitting in diversity determine the reasonableness of attorneys' fees awarded under state law. Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."

*PharMerica Mountain, LLC v. RCSRP Corp.*, 220CV00732JADEJY, 2022 WL 594554, at *1 (D. Nev. Feb. 28, 2022) (internal citations omitted). Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell v. Golden Gate National Bank*. 85 Nev. 345, 348, 455 P.2d 31, 33 (Nev. 1969) (listing factors relevant to the reasonableness of attorneys' fees). They include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 85 Nev. 345, 349, 455 P.2d at 34.

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In addition, this Court's local rules require the following additional factors be considered: the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the experience, reputation, and ability of the attorney(s); and any other information the court may request. LR 54-14(a).

Further, Fed. R. Civ. P. 52(b) permits a party to move the Court to amend its findings, or make additional findings, and amend the judgment accordingly so long as the motion is made no later than 28 days after the entry of judgment.

## III. ARGUMENT

### A. The Promissory Note between Coder Family and Vincent Webb Contains an Attorney Fees Provision.

The Promissory Note between Coder Family and Vincent Webb contains an attorney fee provision that requires Coder Family be awarded any attorney fees and costs incurred in litigating a default over the Note:

> If an Event of Default occurs by Maker, Maker will pay all costs and expenses, including, without limitation, attorney fees and collection fees, incurred by Holder in attempting to enforce this Note and/or collect the indebtedness evidenced by this Note.

Ex. 1, Promissory Note at Section 10 (Trial Ex. 1).

### B. Contractual Attorneys' Fees Are Enforceable in Nevada.

Contractual attorney fees provisions are enforceable under Nevada law. NRS 18.010(1) ("The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law."); *see also Davis v. Beling*, 128 Nev. 301, 321–22, 278 P.3d 501, 515–16 (2012) ("Parties are free to provide for attorney fees by express contractual provisions . . . because the [defendants] successfully defended against [plaintiff's] breach of contract actions, pursuant to the clear language of these agreements, the [defendants] are entitled to recover reasonable attorney fees incurred in defense of those particular claims.").

### C. Coder Family Prevailed on its Claims against Vincent Webb and RNO to Enforce and Collect on the Note.

At the conclusion of the parties' two-day trial, the Court entered Judgment against Vincent Webb and RNO on all claims including Breach of Contract, Alter Ego, and Intentional Misrepresentation, and awarded it damages to

collect on the defaulted note. *See* Findings of Fact and Conclusions of Law (ECF No. 123) at 10:15–18) ("The principal damages pursuant to the Promissory Note that are due by RNO, as the breach of contract claim has already been determined; it is $280,000.00—the amount loaned to RNO, and $203,260.00 in interest (calculated through February 6, 2023, at 12% default from July 2017) for a total of $483,260.00"). Thus, under the parties' Note, Coder Family is entitled to its attorneys fees in connection with this action to "collect the indebtedness" under the Note. *See* Ex. 1, Promissory Note at Section 10 (Trial Ex. 1).

### D. Defendants' Attorney Fees Calculation Under the Lodestar Method is Reasonable.

Courts should only award attorney's fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar method is the customary method courts use when determining attorney's fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Here, Coder Family's attorneys' fees totaled **$195,347.00**[2].

#### 1. Reasonable Hourly Rate.

The Court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205

---

[2] Coder Family initially requested a total fees amount of $195,680.81. *See* Ex. 2, Flangas Decl. at ¶ 4. However, the amount of fees billed February 1, 2023 through February 7, 2023 totaled only $35,577.50 and the amount of fees included in the invoices through January 31, 2023 total $159,769.50, for a total amount of fees of $195,347.00. *See* Ex. 3, Graves Decl. at ¶¶ 5–6.

(9th Cir. 2013) (quotation omitted). The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted).

The hourly rates charged in bringing this action to collect the indebtedness owed under the Note are reasonable under the Ninth Circuit's lodestar calculation. Two Kaempfer Crowell lawyers litigated this case, Alex J. Flangas and Sihomara L. Graves. Mr. Flangas billed at $350 per hour for the majority of this case as a courtesy to Coder Family despite his normal hourly rate being $495[3]. Ex. 2, Flangas Decl. at ¶¶ 6–7. Ms. Graves, an associate with Kaempfer Crowell, who did the majority of the work associated with litigating this matter, billed $295 per hour from 2020 through 2021. *Id*. at ¶ 7. Her rate increased to $340 for 2022 and to $400 per hour for 2023 for all clients, including Coder Family. *Id.*

A wide body of evidence from the Reno legal market shows the rates Kaempfer Crowell charged the plaintiffs ($350 per hour for Mr. Flangas and $295–$400 per hour for Ms. Graves) in this case are reasonable when compared to other fee awards. Courts in the Federal District Court and State Courts of Nevada have routinely granted attorney fee motions with similar or even higher hourly rates:

- Judge James Mahan (D. Nev.) in 2015: "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum." *United States v.*

---

[3] Mr. Flangas first took on this matter in the summer of 2019 while working under Alex Flangas Law where he billed at $350/hr. Thereafter, Mr. Flangas took this case with him to Kaempfer Crowell in the fall of 2019 where his hourly rate was increased to $495/hr. Mr. Flangas did not increase the rate billed to Coder Family until January of 2023. *See* Ex. 1, Flangas Decl.

*Pivaroff*, No. 2:13-cv-01498-JCM-PAL, 2015 WL 6149217, at *3 (D. Nev. Oct. 19, 2015).

- Judge Miranda Du (D. Nev.) in 2013: "Considering the experience, skill, and reputation of the attorneys requesting fees and the prevailing market rates in the forum, the Court finds $425.00–$475.00 for Partner time to be reasonable." *Plaza Bank v. Alan Green Family Tr.*, No. 2:11-CV-00130-MMD, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013).

- Judge Kenneth Cory (8th Jud. Dist.) in 2015: Finding partner rate of $500 per hour "reasonable and justifiable" after "a careful weighing of all the *Brunzell* factors." *Caita-Mandra v Kautzman*, No. 12-A-668006, 2015 WL 851471, at *1 (Nev. Dist. Ct. Jan. 30, 2015).

- Judge Michael Villani (8th Jud. Dist.) in 2018: "Here, the Court finds and concludes that the attorney's fees charged in the amount of $450.00 per hour and paralegal fees in the amount of $125.00 per hour are reasonable and justified under *Brunzell*." *Morawska v Minturn Trust*, No. A-14-701988-C, 2018 WL 9515486, at *2 (Nev. Dist. Ct. Dec. 12, 2018).

- Judge Elizabeth Gonzalez (8th Jud. Dist.) in 2016: Partner rate of $445.50 per hour, discounted from the ordinary rate of $495 per hour was "customary in the community for attorneys of similar qualification and expertise, which supports the reasonableness of their fees." *Higco, Inc. v Boca Park Parcels, LLC*, No. 14-A-710780, 2016 WL 11164447, at *2 (Nev. Dist. Ct. Oct. 25, 2016).

- Judge Ron Israel (8th Jud. Dist.) in 2019: Allowing recovery for leader counsel at $500 per hour. *Cervantes-Neria v Bellagio, LLC*, No. A-16-735936-C, 2019 WL 2549651, at *3 (Nev. Dist. Ct. Mar. 26, 2019).

- Judge Susan Johnson (8th Jud. Dist.) in 2010: "The Court would note from its extensive experience handling construction defect lawsuits in Las Vegas that the beginning hourly rates for counsel in those cases is $350 per hour and that $500 plus per hour rates are not uncommon or unreasonable." *Shamrock v Zuffa, LLC*, No. 08-A-561085, 2010 WL 9520776, at *1 (Nev. Dist. Ct. Apr. 20, 2010) (rejecting losing party's argument that appropriate rate was $250 to $350 per hour).

- Judge Joe Hardy (8th Jud. Dist.) in 2015: Finding an hourly rate of $450 reasonable. *Oguete v Letohic*, No. 15-A-718402, 2016 WL 7869005, at *6 (Nev. Dist. Ct. Nov. 10, 2016).

Given this, the Court will be on sound ground in finding that these rates are reasonable within the Reno legal market for civil and commercial litigation. *See Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11 (1984) (The reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community.").

### 2. Reasonable Hours Expended.

A district court, using the lodestar method to determine the amount of attorney's fees to award, must determine a reasonable number of hours for which the prevailing party should be compensated. *See, e.g., Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000). Ultimately, a "reasonable" number of hours equals "[t]he number of hours ... [which] could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111. Thus, "to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The work Kaempfer Crowell performed defending this case was reasonable and necessary to achieve the end result of judgment in favor of the plaintiff on all claims. Ex. 2, Flangas Decl. at ¶ 12. Only two attorneys primarily worked on the matter, and the majority of the work done was by only one attorney, Ms. Graves, promoting efficiency and eliminating duplication of efforts. *Id.* at ¶¶ 6–7. Not only that, when duplicate efforts did take place, Mr. Flangas did not bill Coder Family for his time. *Id*.

An analysis of the declaration attached at Exhibit 2, the legal bills attached to the declaration, and a review of the case docket all show the reasonableness of the fees incurred over almost a full four years and that no unnecessary work was performed. Mr. Flangas billed a total of 93.7 hours on this case from June 2019, when the plaintiff retained Kaempfer Crowell, through the date of this motion through trial. Ex. 3, Graves Decl. at ¶ 8. Ms. Graves billed 373.4 hours during this same time period. *Id.* In addition, 48.3 hours were billed by other attorneys in the firm (Ryan Daniels billed 47 hours handling this matter before Ms. Graves took over the matter, the remaining 1.3 hours were time spent running strategy with other partners in the firm), and 69.2 hours billed by the paralegals in the firm, for a total of 584.6 hours billed in a four year period. *Id.* This work was spent on, among other things:

- An opposition to motion to dismiss and motion for more definitive statement involving complex legal issues on alter ego, intentional misrepresentation, breach of contract, and accounting claims and multiple legal defenses (ECF No. 18);
- A motion for leave to amend complaint (ECF No. 29);
- An opposition to RNO Exhibitions, LLC motion to dismiss first amended complaint (ECF No. 46);
- An opposition to Vincent Webb's motion to dismiss first amended complaint (ECF No. 47);
- A motion to strike, or in the alternative, motion to dismiss third-party complaint (ECF No. 70);
- A reply brief in support of the motion to strike, or in the alternative, motion to dismiss third-party complaint (ECF No. 75);
- A motion for partial summary judgment (ECF No. 79);
- An opposition to Vincent Webb's motion for summary judgment (ECF No. 85);

- An opposition to RNO Exhibitions, LLC motion for partial summary judgment (ECF No. 86);

- A reply brief in support of motion for partial summary judgment (ECF 91);

- Analyzing the complex legal issues involved and building plaintiff's successful litigation strategy;

- Conducting discovery, including written discovery, and preparing for and taking the deposition of Vincent Webb;

- Preparing for and attending a settlement conference; and

- Preparing for and successfully bringing the case to trial.

Ex. 2, Flangas Decl. at Exhibit 1; Ex. 3, Graves Decl. at ¶ 10.

For a case Coder Family litigated for almost four years through a two day trial, these 548.6 hours are more than reasonable. These charges were incurred for work that was absolutely necessary to achieve this result, whether it be legal analysis, reviewing and responding to pleadings, or opposing motions filed by Defendants, preparing for and participating in hearings, discovery, deposition of Vincent Webb, and preparing for and conducting the trial.

**E.   The Lodestar Calculation is a Reasonable Attorney Fee Award.**

In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho*, 523 F.3d at 978. Here, the total attorneys' fees charged to Coder Family totaled $195,347.00 for a total of 584.6 hours of worked performed, resulting in a lodestar rate of $334.15. Given the above reasoning, a rate of $334.15 is reasonable and was necessarily incurred.

The factors set forth in *Brunzell v. Golden Gate National Bank* and LR 54-14 support the reasonableness of this award.

### 1. The Skill, Experience, Reputation, and Ability of the Advocates.

Plaintiff benefitted from experienced and capable counsel at Kaempfer Crowell, an AV-rated firm that routinely handles commercial and civil litigation cases in Nevada. Ex. 2, Flangas Decl. at ¶ 8. Mr. Flangas' experience and accomplishments are summarized in his supporting declaration (Exhibit 2 at ¶ 8) and his firm biography (attached at Exhibit 4). Ms. Graves is an accomplished young lawyer with substantial court experience, which is summarized in Mr. Flangas' supporting declaration (Exhibit 2 at ¶ 9) and her firm biography (attached at Exhibit 5).

### 2. Preclusion of Other Employment.

Had Mr. Flangas and Ms. Graves not had this case, they would have been working for other clients on other matters at the same or higher rates charged here. They represented Coder Family for almost 4 years and repeatedly defendant motions filed by Defendants. Thus, they would have been able to represent other client(s) but for their representation of Coder Family. Further, because Mr. Flangas brought this case with him from Alex Flangas Law, he billed at a much lower rate ($350) than he would have had he obtained work through Kaempfer Crowell at his rate of $495.

### 3. The Work Performed. Time and Labor Required.

This case was hotly contested on a number of factual and legal issues. While Defendants did not fight the breach of contract claim against RNO, they fought all claims implicating Vincent Webb personally in order to avoid paying on the parties' Note. This case involved the investment of significant time to achieve the end result, as outlined in Section D(2) above, and incorporated here.

### 4. The Amount Involved and Successful Result.

Coder Family brought this claim to recover significant damages, including $280,000 principal on the parties' Note plus almost an equal amount in default interest. For a case plaintiff litigated for nearly four full years and won nearly every contested motion, the hours billed are more than reasonable. All of these charges were incurred for work that was absolutely necessary to achieve this result. Ex. 2, Flangas Decl. at ¶ 12.

Coder Family prevailed at nearly every step of the way, including fully striking a third-party complaint and succeeding at trial on difficult claims, alter ego and intentional misrepresentation. The result Coder Family obtained speaks for itself. It successfully prevailed against defendants and recovered damages in the amount of $483,260.00 as a result of this lawsuit. *See* Findings of Fact and Conclusions of Law (ECF No. 123) at 10:14–20.

### F. Coder Family is Also Entitled to Costs.

Coder Family is also entitled to its litigation costs pursuant to the fee and cost provision in the Note. Coder Family incurred taxable costs in the amount of **$2,245.35**. Ex. 2, Flangas Decl. at ¶¶ 2, 11; *see also* Bill of Costs (ECF No. 122). These charges were:

- $400 for fees of the Clerk;
- $65 for fees for service of summons and subpoena;
- $1,684.35 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and
- $96 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

Ex. 2, Flangas Decl. at ¶¶ 2, 11; *see also* Bill of Costs (ECF No. 122). All of these charges were reasonable and necessarily incurred in bringing and litigating this lawsuit and to prepare or file necessary pleadings, motions, and briefs and take the case through trial. Ex. 2, Flangas Decl. at ¶ 12.

### G. The Court Should Award Plaintiff All of Their Fees and Costs.

Because all of these factors support the reasonableness of the requested fees, it would be error to not award plaintiff the entire amount of fees they incurred in litigating this lawsuit. The Nevada Supreme Court made this clear in *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 132 P.3d 1022 (2006). In that case, the plaintiffs, who prevailed, sought $232,200 in attorney's fees. *Id.* at 1026. But the district court awarded plaintiffs only $50,000 in fees. *Id.* at 1027. The Supreme Court reversed, agreeing with the plaintiffs that the District Court "abused its

discretion when awarding them attorney's fees because the actual fees they incurred were much higher than the amount awarded by the district court." *Id.* at 1033.

Instead, the Supreme Court ruled, the decision on the amount of fees awarded must be made with reference to the *Brunzell* factors, suggesting that when all of the *Brunzell* factors are established, the entirety of the fees incurred by the prevailing party should be awarded. *Id.* at 1034. This same standard should be applied based on plaintiff's compliance with lodestar and with the requirements under LR 54-14. *See e.g., Trustees of the Bricklayers & Allied Craftworkers Loc. 13 Defined Contribution Pension Tr. for S. Nevada, v. Cosmopolitan Title, Ltd.*, No. 2:10-CV-01650-JCM, 2011 WL 3841010, at *3 (D. Nev. Aug. 29, 2011) (finding that plaintiffs attorneys complied with the requirements of the local rules, warranting an award of attorney fees). Thus, the Court should allow the entire amount of fees and costs the plaintiff incurred defending this lawsuit.

H. **The Court Should Amend Its Findings of Fact and Conclusions of Law Regarding the Award of Attorneys Fees.**

Fed. R. Civ. P. 54(d)(2)(C) requires the Court to "find the facts and state its conclusions of law as provided in Rule 52(a)" on its award of fees. Here, the Court's Findings of Fact and Conclusions of Law do not make the requisite reasonableness findings outlined above.

Fed. R. Civ. P. 52(b) permits the Court to "amend its findings—or make additional findings…and may amend the judgment accordingly" on "a party's motion filed no later than 28 days after the entry of judgment." Here, the Court entered its Amended Judgment and its Findings of Fact and Conclusions of Law on February 16, 2023, less than 28-days ago. Because the Court's findings do not

include the above indicated factors for its award of fees, Coder Family respectfully requests the Court amend its findings to include the necessary findings and conclusions with regard to its fee award. In addition, the Court should reduce the fee award to the correct amount of $197,592.35. The Court's Findings of Fact pertaining to the attorney's fee award should thus be amended as follows:

### F.   Attorney's Fees

The loan contract and promissory note provide for attorney's fees, which must be added to the judgment. Plaintiff requested attorney's fees and costs in the amount of $197,592.35 for which Webb is also liable pursuant to alter ego. Having reviewed Plaintiff's Motion for Attorneys Fees and Costs and the attached declarations and billing records in light of the lodestar approach, the *Brunzell* factors, and Local Rule 54-14, the Court finds that the requested fees are reasonable. The rates charged and amount of work performed was reasonable based on the local legal market and circumstances of this case. The requested fees are also properly supported by the evidence.

In addition, the Court should revise the damages calculation (Findings of Fact and Conclusions of Law (ECF No. 123) at 10:13–11:5) and final judgment to award attorneys fees and costs in the amount of $197,592.35 for a total award of $690,852.35 ($483,260.00 in principal and default interest, $197,592.35 in fees and costs, and $10,000.00 in punitive damages).

## IV.   CONCLUSION

For these reasons, the Court should award plaintiff $195,347.00 in attorney fees and an additional $2,245.35 in costs they incurred in prevailing in this lawsuit, for a grand total of $197,592.35.

In addition, the Court should amend its Findings of Fact and Conclusions of Law (ECF No. 123) at and Amended Judgment (ECF No.124) to revise the total amount of fees and costs from $197,926.16 to $197,592.35 and to

1 ensure compliance with Fed. R. Civ. P. 54(d)(2)(C)'s mandatory requirement that
2 findings on the award of fees are included in the Court's award of fees, including the
3 reasonableness of the fees awarded, pursuant to lodestar, *Brunzell*, and Local Rule
4 54-14, as set forth above.

KAEMPFER CROWELL

*/s/ Sihomara L. Graves*
Alex J. Flangas, No. 664
Sihomara L. Graves, No. 13239
50 West Liberty Street, Suite 700
Reno, Nevada 89501

*Attorneys for Plaintiff Douglas Coder and Linda Coder Family LLLP*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Kaempfer Crowell and I hereby certify that service of the **PLAINTIFF DOUGLAS CODER & LINDA CODER FAMILY LLLP'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO FED. R. CIV. P. 54(d) AND MOTION TO AMEND JUDGMENT TO INCLUDE FINDINGS RELATED TO ATTORNEYS' FEES AWARD** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the CM/ECF Electronic Filing System to the addressee(s) shown below:

L. Edward Humphrey, No. 9066
Patrick O'Rouke, No. 13557
HUMPHREY LAW PLLC
201 West Liberty Street, Suite 350
Reno, Nevada 89501

Stephen J. Joncus, *Pro Hav Vice*
JONCUS LAW P.C.
13203 SE 172nd Ave., Ste 166 #344
Happy Valley, Oregon 97086

Attorneys for Defendant Vincent Webb and Defendant/Third-Party Plaintiff RNO Exhibitions LLC

DATED March 2, 2023

_____
Sihomara L. Graves
An employee of Kaempfer Crowell